# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

ANDY V. KUCHMA,

      Plaintiff,

  v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve: U.S. Citizenship & Immigration Services
      5900 Capital Gateway Dr
      Camp Springs, MD 20588

UR M. JADDOU, in her official capacity as Director
United States Citizenship and Immigration Services,

Serve: U.S. Citizenship & Immigration Services
      5900 Capital Gateway Dr
      Camp Springs, MD 20588

SARAH TAYLOR, in her official capacity as Director,
Washington District, United States Citizenship and
Immigration Services,

Serve: United States Citizenship and Immigration Services
      2675 Prosperity Avenue
      Fairfax, VA 20598

KIM ZANOTTI, in her official capacity as
Washington Field Office Director, United States
Citizenship and Immigration Services,

Serve: United States Citizenship and Immigration Services
      2675 Prosperity Avenue
      Fairfax, VA 20598

Case No.:

FEDERAL BUREAU OF INVESTIGATION,

Serve: Federal Bureau of Investigation
      935 Pennsylvania Avenue, NW
      Washington, D.C. 20535-0001

CHRISTOPHER WRAY, in his official capacity as
Director, Federal Bureau of Investigation,

Serve: FBI Headquarters
      935 Pennsylvania Avenue, NW
      Washington, D.C. 20535-0001

          Defendants.

## PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT SEEKING AN ORDER TO COMPEL UNDER THE ADMINISTRATIVE PROCEDURE ACT

### INTRODUCTION

1. On or about March 4, 2019, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status and given receipt number MSC1990705864. This application has been pending for four years. This constitutes an unreasonable delay.

2. Plaintiff, by and through his undersigned counsel, alleges as follows and respectfully requests that this Court compel Defendants to adjudicate Plaintiff's unreasonably delayed application.

### JURISDICTION

3. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361. *See Aslam v. Mukasey*, 531 F. Supp. 2d 736, 742-43 (E.D. Va. 2008) (The Administrative Procedure Act requires an agency to act within a reasonable time, 5 U.S.C. §

555(b), and authorizes a reviewing court to compel agency action … unreasonably delayed) (citing 5 U.S.C. § 706(1)).

**VENUE**

4. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(e)(1) because (1) Plaintiff resides in Great Falls, Virginia which is located within the geographical jurisdiction of this Court and no real property is involved; and (2) a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred within this district Specifically, Plaintiff's application to register as a permanent resident or adjust status (I-485) is being adjudicated at the Washington Field Office of the United States Citizenship and Immigration Services ("USCIS") located in Fairfax, Virginia, also located within the geographical jurisdiction of this Court.

**PARTIES**

5. Plaintiff Andy Viktor Kuchma, a Ukrainian national, filed an I-485 Application to Register Permanent Residence or Adjust Status on or about March 4, 2023, Receipt Number MSC 1990805864. He resides in Great Falls, Virginia.

6. Defendant United States Citizenship and Immigration Services ("USCIS") is and agency with the U.S. Department of Homeland Security and is responsible for processing Plaintiff's application.

7. Defendant Ur Jaddou is sued in her official capacity as Director of USCIS as well as any successors and assigns. Defendant Jaddou leads the agency responsible to adjudicate Plaintiff's application and has supervisory authority over those who will adjudicate it. She is also responsible for ensuring compliance with all applicable federal laws including the Administrative Procedure Act ("APA"). Defendant Jaddou is sued in an official capacity as an agent of the government of the United States.

8. Defendant Sarah Taylor is sued in her official capacity as Director of the USCIS Washington District, as well as any successors and assigns. The Washington District is headquartered in Fairfax, Virginia. Plaintiff's application is currently pending within the jurisdiction of the Washington District. As such, Defendant Taylor has direct supervisory authority and oversight for supervising the decision-making of Plaintiff's application. Defendant Taylor is sued in an official capacity as an agent of the government of the United States.

9. Defendant, Kim Zanotti, is sued in her official capacity as Director of the USCIS Washington Field Office ("USCIS Washington Field Office") located in Fairfax, Virginia, as well as any successors and assigns. The Washington Field Office has jurisdiction over applications to register permanent residence or adjustment of status for immigrants in the Great Falls, Virginia. She is also responsible for ensuring compliance with all applicable federal laws, including the APA. Defendant Zanotti is sued in an official capacity as an agent of the government of the United States.

10. Defendant Federal Bureau of Investigation ("FBI") is the agency of the United States that is responsible for conducting background checks related to immigrant and nonimmigrant applications.

11. Defendant, Christopher Wray, is sued in his official capacity as Director of the FBI as well as any successors and assigns. He has supervisory control over any required security or background checks of Plaintiff related to his application and for ensuring compliance with all applicable federal laws, including the APA. Wray is sued in an official capacity as an agent of the government of the United States.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus or violation of the APA. The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS.

### STATEMENT OF FACTS

13. Plaintiff brings this action to compel Defendants to adjudicate his application.

14. On or about March 4, 2019, Plaintiff filed an I-485, Application to Register as a Permanent Resident or Adjust Status, and USCIS gave receipt number MSC1990705864.

15. On or about February 27, 2020, USCIS sent Mr. Kuchma Form I-797C, Notice of Action – Request for Applicant to Appear for Initial Interview. This notice required Mr. Kuchma to appear on Thursday, April 2, 2020, at 7:10 a.m. at the USCIS Washington Field Office located at 2675 Prosperity Avenue, 2nd Floor, Fairfax, VA 20598 for his interview related to the Application. On or about March 25, 2020, USCIS sent Plaintiff Form I-797C, Notice of Action – Notice of Interview Cancellation by USCIS cancelling the previously scheduled interview.

16. On or about July 27, 2020, USCIS sent Plaintiff another Request for Applicant to Appear for Initial Interview. It required the Plaintiff to appear on Thursday, August 20, 2020, at 1:00 p.m. at the Washington Field Office for his initial interview. On August 18, 2020, USCIS sent another notice entitled "Notice of Interview Cancellation by USCIS again cancelling the previously scheduled interview.

17. Both cancellation notices simply stated that the interviews were cancelled "due to unforeseen circumstances." Both notices also stated that USCIS would notify my client of any "further action taken on this case, including any rescheduled interview information, under separate notice." Since the cancellation notice dated August 18, 2020, Mr. Kuchma has not received any

additional notices from USCIS about his case or requests for any additional information or evidence.

18. The Application has been pending for 48 months and remains pending.

19. According to USCIS's Case Processing timelines available at https://egov.uscis.gov/processing-times/, as of March 4, 2023, the normal processing time for an I-485 in the USCIS Washington Field Office is approximately 18 months.

20. Therefore, the Application has been delayed for approximately 30 months past the normal processing time.

21. This delay is unreasonable as a matter of law. It is far outside the normal processing times and beyond the 180 days that Congress envisioned for such applications. *See* 8 U.S.C. § 1571(b) ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application").

22. This delay has already created significant hardship for Plaintiff. Specifically, Mr. Kuchma legally works in the United States to support his family which includes three minor children and his parents who are Ukrainian refugees. But his professional responsibilities require him to travel outside the United States a meaningful amount of the time. This requires him to maintain a travel document which is only good for a year. Maintaining this travel document to ensure compliance with United States law and regulations takes a considerable amount of time and expense. These expenses include the legal fees required to ensure that all documentation is current and timely filed. It also includes having to deal with any delays by USCIS in processing it which affects his ability to do his job or paying extra for expedited processing to ensure that his employment is not disrupted.

23. Mr. Kuchma has made several efforts to move his application forward all without success. These include multiple written inquiries directly to USCIS and requests for assistance to third parties such as a legislator and the USICS Ombudsman for assistance. Plaintiff's application is still pending with the rationale that the delay is due to Plaintiff's background check.

24. Nothing impedes a final decision by Defendants. Defendants' undue delay in the processing of Plaintiff's application is and will be the direct and sole cause of serious hardship to Plaintiff which, if the pending application is not promptly decided, will prejudice Plaintiff.

25. Plaintiff files this action to compel the prompt adjudication of the Application.

## COUNT ONE
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

26. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

27. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

28. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 742-43 (E.D. Va. 2008) (The Administrative Procedure Act requires an agency to act within a reasonable time, 5 U.S.C. § 555(b), and authorizes a reviewing court to compel agency action … unreasonably delayed, 5 U.S.C. § 706(1)).

29. Plaintiff alleges that the applications have been pending beyond a reasonable time period for completing administrative processing of the adjustment of status applications.

30. The combined delay and failure to act on Plaintiff's application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

31. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

32. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter.

33. Defendants owe a ministerial duty to Plaintiff to adjudicate his application.

34. The delay in adjudicating Plaintiff's application is unreasonable as a matter of law.

35. This Court has authority under 28 U.S.C. § 1361 to compel Defendants to adjudicate the Application.

## COUNT TWO
### (Violation of Right to Due Process of Law)

36. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

37. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Mr. Kuchna may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

38. The combined delay and failure to act by Defendants has violated the due process rights of Mr. Kuchna.

39. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by harnessing him with substantial costs and fees to keep his present immigration status

current and to allow him to travel internationally as part of his work to provide for his family and in various other ways.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Andy V. Kuchma, prays this Honorable Court grant him the following relief:

    a.    Assume jurisdiction over this matter;

    b.    Declare that Defendants unreasonably delayed, and have unlawfully failed to complete, the adjudication of Plaintiff's pending immigration benefits processes;

    c.    Issue a writ of mandamus and order the Defendants to adjudicate Plaintiffs' application within 60 days of such order;

    d.    Retain jurisdiction over this case to ensure compliance with all of the Court's orders;

    e.    Award costs and attorney fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 2412, and on any other basis justified under law; and

    f.    Such other and further relief that the Court deems just and proper.

DATED:    March 13, 2023
                Arlington, Virginia

Respectfully submitted,

_____/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd #700
Arlington, Virginia 22201
Office: (703) 791-9087
Fax: (703) 722-8114
jerlich@erlichlawoffice.com

Aaron J. Aisen
Aisen Law, PLLC
300 International Drive
Suite 100 - #2023
Buffalo, NY 14221
(585) 478-7728
aaisen@aisenlawpllc.com

(*Pro Hac Vice Admission Pending*)

*Attorneys for Plaintiff*